[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13941

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHARLES CHRISTOPHER RAYMOND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:22-cr-00061-HL-TQL-1

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Charles Raymond was convicted of possession of a firearm by a felon and sentenced to 80 months' imprisonment. Raymond appeals his sentence, arguing that it is substantively unreasonable because the offense conduct and his criminal history did not support an upward variance of more than 40 months. For the following reasons, we affirm.

**I.**

In 2022, a federal grand jury charged Raymond with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Raymond pled guilty.

The Presentence Investigation Report (the "PSI") indicated that, on December 30, 2020, while investigating an unrelated offense by another person, officers approached Raymond's car and detected an odor of marijuana. Raymond got out of his car, locked its doors, and ran from the scene. After obtaining a search warrant, officers searched the car, finding a firearm containing a twelve-round magazine and 3.43 grams of marijuana. There was no information suggesting that the weapon was stolen.

Raymond's base offense level was 14, pursuant to U.S.S.G. § 2K2.1(a)(6)(A). He received a two-level reduction for accepting responsibility, pursuant to § 3E1.1(a). Accordingly, his total offense level was 12.

As to his criminal history, he had prior convictions for: burglary, theft by taking, possession of a firearm by a convicted felon, felony fleeing or attempting to elude a police officer, possession of more than an ounce of marijuana, and criminal damage to property. This amounted to ten criminal history points.

For his burglary, theft by taking, and criminal damage to property convictions, he received a sentence of ten years' probation and a current five-year term of probation. Raymond violated his probation four times. For his possession of a firearm by a convicted felon conviction, he received a sentence of five years' probation, which he violated twice. For his fleeing conviction, he received a sentence of five years' imprisonment, which he violated once. For each of his convictions for possession of marijuana and criminal damage to property, he received a sentence of five years' probation, which he also violated twice.

Because Raymond committed the instant offense while under a criminal justice sentence, one criminal history point was added. Accordingly, his total criminal history score was 11, which established a criminal history category of V. His criminal history included unscored convictions for carrying a concealed firearm, obstruction, and criminal trespass. He had multiple arrests for charges that were later dismissed in lieu of a guilty plea in an unrelated case, payment of court costs, and revocations of probation. According to the Georgia Department of Corrections, Raymond was a member of the Gangster Disciples.

The statutory maximum term of imprisonment was ten years.  Based on his total offense-level of twelve and criminal history category of V, Raymond's Guideline range was 27 to 33 months' imprisonment.  The PSI noted that the court might find that the Guidelines underrepresented Raymond's lengthy criminal history and pattern of recidivism.  It noted that, after Raymond fled as part of the instant offense in December 2020, officers were unable to locate him until October 2021, in another state.  Raymond did not object to the PSI.

At the sentencing hearing, the government argued for an upward variance based on Raymond's lengthy criminal history, which it summarized.  It noted that Raymond was a documented member of the Gangster Disciples.  It contended that, despite several opportunities, he continued to commit crimes.  Ultimately, the government asserted that a sentence much greater than 27 to 33 months was necessary to deter him and to adequately punish him.

Raymond responded that the Guidelines did not underrepresent his criminal history because the prior charges were dismissed as part of the bargaining process, and he contended that the government was seeking to punish him for his prior conduct. He argued that, while his criminal history might support a sentence at the top of the Guidelines, it did not support an upward variance. He asserted that the fact that he was not apprehended until October 2021 did not warrant an upward variance because he was unaware of the federal charges against him and he was in Florida, where he has significant ties.  In allocution, Raymond asked for

mercy and indicated that he intended to change his environment when released.

After explaining that it had considered the 18 U.S.C. § 3553(a) factors, the district court sentenced him to 80 months' imprisonment and 3 years of supervised release. Raymond asked why the sentence was so high, and the court responded, "I have explained the Court's rationale and you have heard what's been said in this hearing. That should answer your question." Raymond objected to the substantive reasonableness of the sentence. In its Statement of Reasons for the upward variance, the court noted that it considered: (1) the nature and circumstances of the offense; (2) Raymond's history and characteristics; (3) the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from Raymond's further crimes; and (4) that Raymond needed educational or vocational training.

## II.

When reviewing the substantive reasonableness of a sentence, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). In reviewing whether the district court abused

its significant discretion, we will not reverse a sentence solely because we could reasonably conclude that a different sentence was more appropriate. *Gall*, 552 U.S. at 51. Rather, we will vacate a sentence "if, but only if, we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *Irey*, 612 F.3d at 1190 (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

## III.

On appeal, Raymond argues that the court failed to provide any reasoned basis for the significant variance because it only gave a boilerplate recitation of the § 3553(a) factors. He contends that his history and characteristics did not support the upward variance because, among other things, he was neither a career offender nor an Armed Career Criminal. He further argues that the Guidelines already accounted for his criminal history and recidivism risk because the PSI properly calculated his criminal history category as V.

Section § 3553(a)'s "overarching" instruction to sentencing courts is that any sentence, whether within the Guidelines range or through a departure or variance, must be sufficient but not greater than necessary to comply with the purposes listed in § 3553(a)(2). *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); 18 U.S.C. § 3553(a); *see Gall*, 552 U.S. at 51 (whether a sentence falls inside or outside the Guidelines range, the district court must consider the

§ 3553(a) factors). These purposes include the need to reflect the seriousness of the offense, promote respect for the law, sufficiently punish the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the offense's nature and circumstances, the defendant's history and characteristics, the types of sentences available, the applicable Guideline range, any pertinent policy statements from the Sentencing Commission, the need to avoid unwarranted sentencing disparities between similarly-situated defendants, and the need to provide restitution to any of the defendant's victims. *Id.* § 3553(a)(1), (3)-(7).

We have emphasized that we must give due deference to the weight given by the district court to the sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). Though a major variance should be supported by a more significant justification than a minor variance, the district court need not account for every § 3553(a) factor, nor must it discuss each factor and the role that it played in sentencing. *Gall*, 552 U.S. at 50 (finding it uncontroversial that a major deviation should be supported by a more significant justification than a minor one); *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007) (stating that a district court need not discuss each factor at sentencing). The district court is also not required to give all the factors equal weight and is permitted to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Along with the § 3553(a) factors, the district court should also consider the

particularized facts of the case and the Guideline range. *Id.* at 1259-60. However, it maintains discretion to give heavier weight to any of the § 3553(a) factors or combination of factors than to the Guideline range. *Id.* at 1259.

A district court's decision to place "substantial weight" on a defendant's criminal history is consistent with the § 3553(a) factors because five of the factors relate to criminal history. *Id.* at 1263. We have held that upward variances heavily reliant on a defendant's criminal history are "eminently reasonable" when the prior convictions are violent or related to firearms. *United States v. Riley*, 995 F.3d 1272, 1280 (11th Cir. 2021). Even though properly calculated Guideline ranges incorporate a defendant's criminal history, a district court may properly find that the Guideline range does not account for the nature of the prior offenses or the continuous pattern of criminal behavior. *See Rosales-Bruno*, 789 F.3d at 1264.

Here, the district court's upward variance sentence is substantively reasonable. The district court properly considered the nature and circumstances of the offense, Raymond's history and characteristics, and the need to promote respect for the law, afford adequate deterrence, protect the public from further crimes, and provide Raymond with effective correctional treatment. *See* 18 U.S.C. § 3553(a)(1)-(7). The court appropriately focused on his lengthy criminal history because (1) several factors related to criminal history and (2) the Guidelines did not account for his continuous pattern of criminal behavior, which included various unscored conduct. *See Riley*, 995 F.3d at 1280; *Rosales-Bruno*, 789 F.3d at 1263-

23-13941               Opinion of the Court                    9

64. Raymond argues that his criminal history did not support the extent of the upward variance, but his history included several lenient sentences that did not deter him from future criminal conduct, including violating probation multiple times. While he argues that the district court failed to provide a reasoned basis for its upward variance, the record shows that court specifically stated the § 3553(a) factors on which it relied and that it had considered the arguments of the parties at sentencing. Accordingly, we conclude that the district court's sentence was substantively reasonable.

## IV.

For these reasons, we affirm Raymond's sentence.

**AFFIRMED.**